**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PRECISELY SOFTWARE INCORPORATED,<br><br>          Plaintiff,<br><br>     v.<br><br>LOQATE INC.,<br><br>          Defendant. | Case No. 22-cv-00552-BLF<br><br>**ORDER DENYING PLAINTIFF PRECISELY SOFTWARE INCORPORATED'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED WITHOUT PREJUDICE TO DEFENDANT LOQATE INC. FILING NEW STATEMENT OR DECLARATION IN SUPPORT**<br><br>[Re: ECF No. 30] |

Before the Court is Plaintiff Precisely Software Incorporated's ("Precisely") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* Motion, ECF No. 30. Precisely seeks to file (1) an agreement between Precisely and Defendant Loqate Inc. ("Loqate") and (2) an addendum to that agreement as exhibits to Precisely's First Amended Complaint (collectively, the "Agreement"). The Agreement contains a confidentiality provision. Loqate has filed a statement and declaration in support of the confidentiality of the Agreement, arguing that it reflects Loqate's proprietary information, including "business practices, pricing and financial considerations, software licensing strategies, and other commercially sensitive information." *See* Loqate Statement, ECF No. 35 at 2. Precisely did not file a response to Loqate's statement, and it does not otherwise oppose sealing the documents at issue.

Based on the below reasoning, the Court hereby DENIES Precisely's administrative motion WITHOUT PREJUDICE to Loqate filing a new statement or declaration in support of sealing narrowly tailored portions of the Agreement.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Precisely's sealing motion pertains to the Agreement, which Precisely filed as exhibits to its First Amended Complaint. *See* First Amended Complaint, ECF No. 31, Exs. A–B. The Agreement

2

1    serves as the basis for Precisely's breach of contract claim.  *See* FAC, ECF No. 31 ¶¶ 27–31.
2    Accordingly, the Court finds that the documents at issue in Precisely's sealing motion are "more
3    than tangentially related to the merits" of the above-captioned case and may be sealed only upon a
4    showing of "compelling reasons" for sealing.  *See Ctr. for Auto Safety*, 809 F.3d at 1101–102.

5           Loqate provides a declaration from Lara Clark, General Counsel & Chief Regulation Officer
6    of GCG PLC, which is Loqate's parent company.  *See* Clark Decl., ECF No. 35-1 ¶ 1.  Ms. Clark
7    states that the Agreement is not a standard document Loqate uses in every transaction in which it
8    licenses its software.  *See id.* ¶ 2.  Rather, the Agreement consists of negotiated terms unique to the
9    transaction between the parties.  *See id.*  Further, Ms. Clark indicates that the Agreement contains
10   confidential and proprietary business information outlining "Loqate's business model, practices,
11   and strategies as to the licensing and support of its proprietary software products and services,"
12   including software licensing terms, sublicensing terms, marketing requirements, terms of payment,
13   pricing models, warranty terms, and support and verification practices.  *See id.* ¶ 4.  Ms. Clark
14   indicates that Loqate keeps this information secret from the public, including through confidentiality
15   provisions in contracts.  *See id.* ¶ 4.  Additionally, Ms. Clark states that public disclosure of the
16   information in the Agreement would harm Loqate's competitive standing by providing competitors
17   insights into Loqate's business and pricing practices and strategy.  *See id.* ¶ 5.  Loqate argues that
18   courts generally allow sealing of similar information.  *See* ECF No. 35 at 3–5.

19          The Court agrees that some of the information Loqate seeks to have filed under seal is
20   sealable.  *See In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling
21   reasons for sealing "pricing terms, royalty rates, and guaranteed minimum payment terms");
22   *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2
23   (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist [to seal three contracts] because they contain
24   proprietary and confidential business information, including potential trade secrets and business
25   practices, such as product rates and purchase requirements."); *Cypress Semiconductor Corp. v.*
26   *Fujitsu Semiconductor Ltd.*, No. 20–CV–00193–LHK, 2020 WL 11567020, at *2 (N.D. Cal.
27   Feb. 26, 2020).  However, Loqate's request for the entirety of the Agreement to be sealed is
28   overbroad under Civil Local Rule 79-5(b), which requires sealing requests to be "narrowly tailored

to seek sealing only of sealable material." *See Cypress*, 2020 WL 11567020, at *2 ("Requests to seal entire contracts are frequently overbroad . . . where the requested sealing includes boilerplate terms and conditions contained within these documents, as well as the parties' definition of terms, none of which can reasonably be said to reveal any confidential information."); *Dominion Assets LLC v. Masimo Corp.*, No. 12–cv–02773–BLF, 2014 WL 12606653, at *2 (N.D. Cal. May 9, 2014). Loqate seeks to seal all 35 pages of the Agreement, even though Ms. Clark's declaration only supports the confidentiality of a select few sections of the Agreement. *See* Clark Decl., ECF No. 35-1 ¶ 4 (citing eight sections out of the 21-part license agreement). Much of the Agreement appears to be boilerplate for which there appears to be no compelling reason for sealing.

Based on the above reasoning, the Court DENIES Loqate's request to file the Agreement WITHOUT PREJUDICE to Loqate filing a statement or declaration supporting sealing of narrowly tailored portions of the Agreement.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Precisely's administrative motion is DENIED WITHOUT PREJUDICE to Loqate filing a new statement or supporting declaration under Civil Local Rule 79-5(c)(1) supporting sealing of narrowly tailored portions of the Agreement;

2. Precisely is not required to refile its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; and

3. Loqate SHALL file any additional statement or supporting declaration **on or before June 10, 2022**.

Dated: June 2, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4