# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PRECISELY SOFTWARE INCORPORATED,<br><br>  Plaintiff,<br><br>  v.<br><br>LOQATE INC.,<br><br>  Defendant. | Case No. 22-cv-00552-BLF<br><br>**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT LOQATE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 30, 39] |

On May 5, 2022, Plaintiff Precisely Software Incorporated ("Precisely") filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed under Civil Local Rule 79-5(f). *See* ECF No. 30. Precisely sought to file an agreement between Precisely and Defendant Loqate Inc. ("Loqate") and an addendum to that agreement (collectively, the "Agreement") as exhibits to Precisely's First Amended Complaint. *See id.* Since the Agreement is subject to a confidentiality provision that Loqate declined to waive, Precisely conditionally sealed the Agreement and filed its Administrative Motion. On May 23, 2022, Loqate filed a statement with a declaration from Loqate representative Lara Clark in support of Precisely's sealing motion, asserting that certain sections of the Agreement contain Loqate's confidential and proprietary business information including software licensing terms, pricing models, warranty terms, and support and verification practices. *See* Clark Decl., ECF No. 35-1 ¶¶ 3–4; Statement in Support of Administrative Motion, ECF No. 35. Ms. Clark indicated that public disclosure of such information would harm Loqate's competitive standing. *See id.* ¶ 5. Loqate requested that the entire Agreement be filed under seal. *See* Statement in Support of Administrative Motion, ECF No. 35 at 5–6.

The Court denied Precisely's Administrative Motion without prejudice to Loqate filing a

supplemental statement in support of sealing narrowly tailored portions of the Agreement. *See* Order, ECF No. 38. While the Court agreed that "some of the information Loqate seeks to have filed under seal is sealable," the Court found that Loqate's request to seal the entirety of the Agreement was overbroad. *See id.* at 3–4.

On June 10, 2022, Loqate filed a supplemental statement along with an additional declaration from Ms. Clark. *See* Suppl. Statement, ECF No. 39; Clark Decl., ECF No. 39-1. Loqate continues to argue that the entire Agreement should be sealed, asserting that there is "no public interest" in the Agreement and that disclosure of any of the Agreement's terms would cause competitive harm to Loqate. *See* Suppl. Statement, ECF No. 39. In the alternative, Loqate provides a redacted version of the Agreement, in which Loqate has redacted information from 26 pages of the 33-page Agreement. *See id.* at 2. Loqate argues that the redacted information "in particular" presents a substantial risk of harm to Loqate if disclosed. *See id.* Ms. Clark's supplemental declaration indicates that the redacted information includes "commercially sensitive software licensing and sublicensing terms, marketing requirements, terms of payment, pricing models, warranty terms, support and verification practices, and information disclosing Loqate's geographical business territory." *See* Clark Decl., ECF No. 39-1 ¶ 4. Ms. Clark's declaration further indicates that public disclosure of the agreement as a whole—and the redacted information in particular—would harm Loqate's competitive standing. *See id.* ¶ 5. Precisely does not oppose Loqate's supplemental statement in support of sealing the Agreement.

Based on the below reasoning, the Court again DENIES Precisely's administrative as to filing the entirety of the Agreement under seal. The Court GRANTS Precisely's administrative motion as to the redacted information in the version of the Agreement Loqate provides with its supplemental statement at ECF No. 39-2. Precisely SHALL publicly file the redacted version of the Agreement at ECF No. 39-2 within 7 days of this Order.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

**II.  DISCUSSION**

Precisely's sealing motion pertains to the Agreement, which Precisely filed as exhibits to its First Amended Complaint. *See* First Amended Complaint, ECF No. 31, Exs. A–B. The Agreement serves as the basis for Precisely's breach of contract claim. *See* FAC, ECF No. 31 ¶¶ 27–31. Accordingly, the Court finds that the documents at issue in Precisely's sealing motion are "more than tangentially related to the merits" of the above-captioned case and may be sealed only upon a showing of "compelling reasons" for sealing. *See Ctr. for Auto Safety*, 809 F.3d at 1101–102.

3

As to Loqate's request to grant leave to seal the entirety of the Agreement, the Court has already ordered that the agreement is not sealable in its entirety. *See* Order, ECF No. 38. Loqate provides no arguments or evidence indicating why the Court should reconsider its prior decision. For example, Loqate still fails to provide anything but conclusory support for the confidentiality of many provisions of the Agreement, even though the Court noted in its prior order that "Ms. Clark's declaration only supports the confidentiality of a select few sections of the Agreement." *See id.* at 4.

As to Loqate's request to grant leave to seal redacted portions of the Agreement, Loqate has adequately demonstrated compelling reasons to seal the redacted material. While Loqate seeks to redact information from 26 pages of the 33-page Agreement, including entire pages of the Agreement, Loqate's more narrowly tailored request addresses the Court's concern that Loqate is seeking to request boilerplate terms and other clearly non-confidential material. *See id.* at 3–4 (citing *Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20 CV–00193–LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020)). Further, Loqate provides non-conclusory testimony from a Loqate representative supporting the confidentiality of the redacted material and the potential for it to cause Loqate competitive harm if disclosed. *See* Clark Decl. ¶¶ 4–5; *In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist [to seal three contracts] because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements.").

Based on the above reasoning, the Court GRANTS Loqate's request to seal the information redacted in the version of the Agreement at ECF No. 39-2. However, the Court DENIES Loqate's request to have the entirety of the Agreement filed under seal.

/ / /

/ / /

/ / /

/ / /

4

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Precisely's administrative motion is GRANTED as to the information redacted in the version of the Agreement at ECF No. 39-2;
2. Precisely's administrative motion is DENIED as to sealing the entire Agreement; and
3. Precisely SHALL publicly file the redacted version of the Agreement at ECF No. 39-2 within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: June 28, 2022

BETH LABSON FREEMAN
United States District Judge