# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PRECISELY SOFTWARE INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>LOQATE INC.,<br><br>Defendant. | Case No. 22-cv-00552-BLF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Re: ECF No. 34] |

This breach of contract action involves an alleged overpayment on a contract for which Defendant payee has declined to reimburse. Plaintiff Precisely Software Incorporated ("Plaintiff") asserts two claims against Defendant Loqate Inc. ("Defendant") for breach of contract and, in the alternative, unjust enrichment. First Amended Compl. ("FAC"), ECF No. 31. Defendant has moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). Def. Mot. Dismiss FAC, ECF No. 34.

For the reasons set forth below, the Court DENIES Defendant's Motion.

## I. BACKGROUND

In 2012, Plaintiff's predecessor, Pitney Bowes Software Inc. ("Pitney Bowes"), entered into a licensing agreement (the "Original Agreement") in which Defendant granted Pitney Bowes a license to integrate Defendant's software and data into Pitney Bowes' products. FAC ¶¶ 10-11. On March 30, 2018, Pitney Bowes and Defendant amended the payment schedule for the Original Agreement by replacing the previous schedule with "Addendum #3" (collectively with the Original Agreement, the "Contract"), which reflected a "new commercial framework" for Pitney Bowes' continued licensing of Defendant's software and data. FAC ¶¶ 13-15. Pursuant to Section II of Addendum #3, Pitney Bowes had the option to either license the data to its customers on a

semi-unlimited "fixed fee" basis or an on-demand "per transaction fee" basis.  FAC ¶ 17.

For its customer Kering Italia S.P.A. ("Kering"), Pitney Bowes allegedly opted to license Defendant's data on the fixed-fee basis, which involved an annual fee and was subject to an annual transaction cap on Kering's use of the data.  *Id.* ¶ 18.  Pitney Bowes paid the annual $120,000 fee to Defendant in 2019 and 2020 (*id.* ¶¶ 20-21), but it also mistakenly paid "per-transaction" fees to Defendant for Kering's transactions for the same period, effectively resulting in double payments under both the "fixed-fee" and "per-transaction fee" bases.  *Id.* ¶¶ 18-19.

On April 1, 2021, Pitney Bowes assigned its interests in and rights and obligations under the Original Agreement and Addendum #3 to the Plaintiff via an Assignment and Assumption Agreement with Defendant's consent.  *Id.* ¶ 24.  Around that time, Plaintiff discovered the reporting error and unsuccessfully attempted to resolve the dispute with Defendant.  *Id.* ¶¶ 25-26.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Plaintiff asserts a breach of contract against Defendant for refusing to refund the excess

"per-transaction" fees that Plaintiff's predecessor paid for licensing Defendant's data. FAC ¶ 30. In the alternative, Plaintiff also brings an equitable claim for quasi-contract relief and unjust enrichment to the extent the Contract does not cover reimbursement of overpayment. *Id.* ¶ 33-36.

### A.     Breach of Contract

The elements for a breach of contract claim in California are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Coles v. Glaser*, 2 Cal. App. 5th 384, 391 (2016).

The FAC alleges—and Defendant does not dispute—that Plaintiff's predecessor entered into the Original Agreement with Defendant on May 18, 2012, as well as Addendum #3 on March 30, 2018, thereby satisfying the first element. FAC ¶¶ 10, 13, 28. The FAC also alleges that Pitney Bowes performed its obligations under the Contract by paying the annual $120,000 fixed-fee and even paying for transactions that it had no obligations to pay, satisfying the second element. *Id.* ¶¶ 18-21, 29. As to damages, the FAC specifies that, in 2019 and 2020, Pitney Bowes paid Defendant an excess of $789,599.46 in "per-transaction" fees, which was in addition to the $240,000 annual "fixed-fees" paid to Defendant for those two years. *Id.* ¶¶ 20-23. Accordingly, Plaintiff has sufficiently specified money damages arising from Defendant's alleged breach, notwithstanding Defendant's argument that Plaintiff may not be entitled to those amounts.

The primary issue that Defendant disputes is whether it breached the Contract. Mot. 4-6. On this element, the FAC alleges that Defendant breached the Contract by "refusing to honor the pricing terms set forth in Addendum #3 and refund the excess Royalties that were paid by Precisely." FAC ¶ 30. Specifically, Defendant is alleged to have accepted payments pursuant to both the annual fixed-fee basis at Addendum #3, Section II(ii), and the per-transaction basis at Addendum #3, Section II(iii), despite the alleged fact that "Pitney Bowes did not owe Defendant any additional amounts beyond the annual Fair Cap Usage Fee that was paid." *Id.* ¶¶ 18-19, 22. At the pleading stage, this is sufficient to allege Defendant's breach. Plaintiff is not required to plead—as Defendant suggests—details unrelated to the alleged breach (*e.g.*, the substance of the software being licensed, the products that used the software, the customers' use of Defendant's data, *see* Mot. 4-5) or more details to facts Plaintiff had already alleged (*e.g.*, any conditions and

3

procedures for formally selecting a specific pricing model, *see* Mot. 5). At this stage, the Court must accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiff, *see Reese*, 643 F.3d at 690, including the allegation that Pitney Bowes elected to license data only on the "fixed-fee" basis and not the "per-transaction" basis. FAC ¶ 18, 22. The Court recognizes that Defendant may have strong arguments and evidence against this claim but, at this early stage, the Court will allow the breach of contract claim to proceed.

Accordingly, the Court is satisfied that Plaintiff has sufficiently stated a claim for breach of contract and DENIES Defendant's motion to dismiss Plaintiff's first claim.

### B. Unjust Enrichment

In addition to its breach of contract claim, Plaintiff also asserts an equitable quasi-contract unjust enrichment claim in the alternative. "When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221 (2014)). The elements for a claim of unjust enrichment under California law are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014), as modified on denial of reh'g (Feb. 27, 2014).

Here, the FAC has alleged that Defendant received a benefit, which was the excess "per-transaction" fees Pitney Bowes mistakenly made in addition to its "fixed-fee" payments. FAC ¶ 34. Furthermore, the FAC alleges that Defendant was not owed the "per-transaction" payments under the Contract, yet Defendant refused to reimburse Plaintiff for those amounts. *Id.* ¶ 25-26, 34-35. Accordingly, Plaintiff has alleged that Defendant is unjustly retaining those amounts. *See Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 78 (2009), as modified (June 24, 2009) ("As a general rule, equitable concepts of unjust enrichment dictate that when a payment is made based upon a mistake of fact, the payor is entitled to restitution unless the payee has, in reliance on the payment, materially changed its position.").

Defendant suggests that Plaintiff may not pursue its equitable quasi-contract claim because Plaintiff has not pled that the underlying Contract is invalid or unenforceable. Mot. 7-8.

However, Plaintiff has properly pled this equitable claim in the alternative, as it is entitled to do. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Rojas v. Bosch Solar Energy Corp.*, 443 F. Supp. 3d 1060, 1080 (N.D. Cal. 2020) (noting that "this Court has held that a claim for unjust enrichment may be asserted under California law, and that such a claim is not subject to dismissal at the pleading stage even if duplicative of other claims"). Specifically, Plaintiff has properly pled that there are no express provisions in the Contract governing the subject matter of reimbursements for overpayments (FAC ¶ 33) and, therefore, there would be no adequate contractual remedy at law. *See Supervalu*, 175 Cal. App. 4th at 78-79 (rejecting argument that existence of contract precludes quasi-contractual relief for mistaken payment). This satisfies Plaintiff's pleading burden, and therefore, Defendant's motion to dismiss Plaintiff's quasi-contract claim is DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

Dated: September 19, 2022

BETH LABSON FREEMAN
United States District Judge