UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRECISELY SOFTWARE INCORPORATED,<br><br>  Plaintiff,<br><br>  v.<br><br>LOQATE INC.,<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 22-cv-00552-BLF (VKD)<br><br>**ORDER RE MAY 3, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 70 |

This dispute concerns defendant and counter-claimant Loqate Inc.'s ("Loqate") document requests to plaintiff and counter-defendant Precisely Software Incorporated ("Precisely"). Dkt. No. 70. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

Loqate and Precisely[1] are parties to a license agreement pursuant to which Precisely is licensed to integrate Loqate's software and data into Precisely's products. *See* Dkt. No. 70 at 1. According to the terms of the agreement, Precisely must pay fees to Loqate based on Precisely's customers' use of Loqate's data. Precisely has the option to pay a fixed fee for its customer's use of Loqate's data (assuming that use complies with the agreement's requirements for a fixed fee), or to pay a per transaction fee for such use. *Id.*; *see also* Dkt. No. 52 at 1-2.

Precisely alleges that for its customer Kering Italia S.P.A. ("Kering"), it paid Loqate on both a fixed fee basis and a per transaction basis in 2019 and 2020, resulting in an overpayment.

---

[1] Precisely has assumed the rights and obligations of its predecessor, Pitney Bowes Software, Inc., under the agreement. For convenience, the Court refers only to Precisely.

1    Loqate has refused to refund the overpayment.  Precisely filed a complaint against Loqate to

2    recover the overpayment.  Dkt. No. 31.

3          Loqate denies that Precisely overpaid the fees for Kering.  Dkt. No. 55.  In addition,

4    Loqate filed a counterclaim against Precisely for breach of contract, breach of the implied

5    covenant of good faith and fair dealing, and for a declaration of the parties rights and obligations

6    under the license agreement.  Dkt. No. 56.  Loqate's counterclaim allegations are very general, but

7    its first two claims appear to be based on the contention that Precisely reported incorrect and

8    inaccurate usage of Loqate's data, and paid a fixed fee for that use, even though its customers' use

9    of Loqate's data did not comply with license agreement, which required Precisely to pay on a per

10   transaction basis.  *See id.* ¶¶ 1, 20, 23; *see also* Dkt. No. 70 at 2.  In fact, Loqate contends that

11   because Precisely improperly paid on a fixed fee basis for Kering, Precisely has substantially

12   *underpaid* Loqate for data for that customer in subsequent years.  Dkt. No. 56 ¶ 20.

13         Loqate served document requests essentially asking Precisely to produce documents

14   detailing the use of Loqate's licensed software and data by all of Precisely's customers from 2018

15   to the present.  Dkt. No. 70 at 2; Dkt. No. 70-1.  Precisely has agreed to produce non-privileged

16   documents responsive to Request for Production ("RFP") 1, but objects to producing any

17   documents responsive to RFPs 2-10, beyond those relating to its customer Kering.  Dkt. No. 70 at

18   2, 6.

19         The Court agrees with Loqate that discovery is not limited to Precisely's complaint and

20   Loqate's defenses specific to Kering; Loqate's counterclaims are broader than the claims in

21   Precisely's complaint.  However, Loqate's counterclaims contain no allegations suggesting that its

22   dispute with Precisely goes beyond those licensed customers for whom Precisely has been paying

23   Loqate on a fixed fee basis, instead of on a per transaction basis.

24         Accordingly, the Court adopts Precisely's alternative proposal for resolution of this

25   dispute:  Precisely's obligations to respond to RFPs 2-10 are limited to Precisely's fixed-fee

26   customers.  *See id.* at 6.  Precisely shall produce all non-privileged documents responsive to RFPs

27   ///

28   ///

1   1-10 by **June 16, 2023**, unless the parties agree otherwise.

2   **IT IS SO ORDERED.**

3   Dated: May 25, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge